UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTONIO BROWN,
                              Plaintiff,

                                                          9:06-CV-0773
v.                                                        (GTS/RFT)

SERGEANT RAIMONDO; D. WELLS, C.O.;
R. WALDMAN, C.O.; and R. ZIMMERMAN, C.O.,

                              Defendants.
_____

APPEARANCES:                                 OF COUNSEL:

ANTONIO BROWN, 92-A-3649
   Plaintiff, *Pro Se*
Wende Correctional Facility
P.O. Box 1187
Alden, NY  14004

HON. ANDREW M. CUOMO                         ADRIENNE J. KERWIN, ESQ.
   Attorney General for the State of New York    Assistant Attorney General
   Counsel for Defendants
The Capitol
Albany, NY  12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court in this *pro se* prisoner civil rights action are (1) Plaintiff's

motion for summary judgment (Dkt. No. 38), (2) Defendants' cross-motion for summary

judgment (Dkt. No. 39), and (3) United States Magistrate Judge Randolph F. Treece's Report-

Recommendation recommending that Plaintiff's motion be denied and Defendants' cross-motion

be granted (Dkt. No. 48).  Plaintiff has filed Objections to the Report-Recommendation.  (Dkt.

No. 49.)  For the reasons set forth below, the Report-Recommendation is accepted and adopted

in its entirety, Plaintiff's motion is denied, and Defendants' cross-motion is granted.

## I.      BACKGROUND

On June 22, 2006, Plaintiff filed this action against four individuals employed by the New York State Department of Correctional Services, at Ulster Correctional Facility.  Generally, in his Complaint, Plaintiff alleges that his rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments were violated when these four employees physically assaulted him during a return bus trip from Marcy Correctional Facility to Ulster Correctional Facility on June 24, 2003.  (*See generally* Dkt. No. 1.)

On February 27, 2007, Sergeant Raimondo, Correctional Officer Waldman and Correctional Officer Zimmerman filed their answer to Plaintiff's Complaint.  (Dkt. No. 18.)  As of the date of this Decision and Order, Correctional Officer Wells has not been served with Plaintiff's Complaint.

On April 9, 2008, Plaintiff filed a motion for summary judgment.  (Dkt. No. 38.)  On April 10, 2008, Raimondo, Waldman and Zimmerman ("Defendants") filed a cross-motion for summary judgment.  (Dkt. No. 39.)  In their cross-motion, Defendants sought dismissal of all claims against them because (1) their use of force against Plaintiff was necessary under the circumstances, and (2) the minor nature of Plaintiff's injuries demonstrates that the use of force was not excessive.  (*Id.*)  On April 18, 2008, Defendants filed an opposition to Plaintiff's motion. (Dkt. No. 40.)  On April 21, 2008, Plaintiff filed an opposition to Defendants' cross-motion. (Dkt. No. 42.)  On May 27, 2008, Defendants filed a reply to Plaintiff's opposition.  (Dkt. No. 44.)

On February 25, 2009, Magistrate Judge Treece issued a Report-Recommendation recommending that Plaintiff's motion be denied, and that Defendants' cross-motion be granted, because Plaintiff has failed to adduce sufficient record evidence in support of his claims.  (Dkt.

2

No. 48.)  Familiarity with the grounds of the Report-Recommendation is assumed in this Decision and Order.

On March 6, 2009, Plaintiff filed his Objections to the Report-Recommendation.  (Dkt. No. 49.)

II.    ANALYSIS

For the sake of brevity, the Court will not recite the well-known legal standard of de novo review that governs the review of a magistrate judge's report-recommendation to which a party has made an objection, pursuant to 28 U.S.C. § 636(b)(1)(C).  Rather, the Court will merely refer the parties to its decision in *Vigliotti v. Daly*, 05-CV-1320, 2008 WL 5423453, at *1 (N.D.N.Y. Dec. 30, 2008) (Suddaby, J.).

After carefully reviewing all of the papers in this action, including Magistrate Judge Treece's Report-Recommendation and Plaintiff's Objections thereto, the Court rejects each of Plaintiff's Objections, and agrees with each of the conclusions stated in the Report-Recommendation.  Magistrate Judge Treece employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts.

In particular, Magistrate Judge Treece correctly determined that the Defendants Waldman and Zimmerman (and Correctional Officer Wells) used necessary and warranted force during the incident in question.[1]  In addition, Magistrate Judge Treece correctly determined that

---

[1]       As Magistrate Judge Treece notes in his Report-Recommendation, although a plaintiff's willing disobedience does not entitle corrections officers to use excessive force to ensure that order is maintained, it does entitle them to use necessary force to ensure that order is maintained.  (Dkt. No. 48, at 9-10.)  *See also Cunningham v. Rodriguez*, 01-CV-1123, 2002 WL 31654960, at *5 & n.2 (S.D.N.Y. Nov. 22, 2002) (finding that, where plaintiff was allegedly assaulted by seven court officers, who pushed him to the ground and proceeded to repeatedly strike him in the back and face, the force used was not repugnant to conscience of mankind because it was employed in response to plaintiff's use of profanity and his refusal to leave

Plaintiff should not be given a further opportunity to serve Correctional Officer Wells, because Plaintiff's claims against Correctional Officer Wells obviously lack merit for the same reasons that Plaintiff's claims against Defendants Waldman and Zimmerman lack merit.[2]  Finally, Magistrate Judge Treece correctly determined that Plaintiff has failed to adduce admissible record evidence from which a rational trier of fact could conclude that Defendant Raimondo was personally involved in any constitutional violation.

In his Objections to the Report-Recommendation, Plaintiff argues, *inter alia*, that the photographs of his injuries reflect the magnitude of those injuries, and constitute sufficient evidence to withstand summary judgment.  (Dkt. No. 49, at 3-4.)  However, the Court is persuaded by Magistrate Judge Treece's reasoning, as well as the reasoning of the Southern District of New York in *Gashi v. County of Westchester*, in which it found that "[t]he insignificance of plaintiff's injuries and the fact that the medical records completely undermine his allegations, as to the ferociousness of the violence allegedly perpetrated against him, warrant a finding that the force used was *de minimis* as a matter of law."  *Gashi v. County of Westchester*, 02-CV-6934, 2007 WL 749684, at *6 (S.D.N.Y. Mar. 12, 2007) [citations

---

courtroom) [citations omitted].

[2]     Because Plaintiff did not object to this recommendation in his Objections, this recommendation is reviewed only for clear error.  In any event, the Court notes that this recommendation would survive even a *de novo* review.  For example, in addition to agreeing with Magistrate Judge Treece for the reason stated in his Report-Recommendation, the Court agrees with Magistrate Judge Treece for the alternative reason that (1) the Court has already extended Plaintiff special solicitude by attempting to procure the address of Wells, and (2) the time by which to effectuate such service pursuant to Fed. R. Civ. P.  4(m) and Local Rule 4.1(b) expired long ago.

6

omitted].[3]

Plaintiff also argues that there was no "security objective" that Defendants could possibly have been trying to achieve in using force against him.  (Dkt. No. 49, at 7.)  As an initial matter, this argument ignores Magistrate Judge Treece's correct observation that it is not for prisoners to decide which orders to obey and not to obey, while incarcerated.  In any event, it is entirely conceivable to the Court that keeping convicted felons from engaging in conversation with each other during vehicular transit between two medium-security correctional facilities–during which time the felons may conspire to transfer contraband, disturb the vehicle's driver, and/or escape–is a legitimate security objective.[4]

For all of these reasons, the Court accepts and adopts the Report-Recommendation.

**ACCORDINGLY**, it is

---

[3]     *See also Yearwood v. LoPiccolo*, 95-CV-2544, 1998 WL 474073, at *7 (S.D.N.Y. Aug. 10, 1998) (finding that, where prisoner's allegations of being chocked, hit in head with keys, and punched in the mouth were not substantiated by medical records, the force was not of sufficient magnitude to be deemed repugnant); *Sprau v. Coughlin*, 997 F. Supp. 390, 394 (W.D.N.Y.1998) (finding that officer's actions, in allegedly striking plaintiff several times across the neck and face, and in the eye, were not sufficient to reach constitutional dimensions because plaintiff only suffered a small bump under the eye).

[4]     *See, e.g., Osterback v. McDonough*, 549 F. Supp.2d 1337, 1357 (M.D. Fla. 2008) (finding that it is acceptable for correctional officers to prohibit inmates from "speak[ing] to other inmates when they are being transported from their cells to other locations . . . due to security concerns"); *Page v. Reynolds*, 07-CV-3060, 2008 WL 4427324, at *1 (D.S.C. Sept. 29, 2008) (finding that a correctional officer is within his authority to command an inmate to "sit down" and "shut up" in order to maintain order, and that the officer may use force to get the inmate to comply with the command); *Johnson v. Berezansky*, 03-CV-0562, 2005 WL 1026723, at *3-4 (D. Del. Apr. 28, 2005) (finding that, when an inmate is causing a disturbance, a corrections officer may use force to make the inmate comply with an order to stop talking); *Myers v. Guarini*, 95-CV-0487, 1996 WL 468671, at *3 (E.D. Pa. Aug. 14, 1996) (finding that a correctional officer's telling an inmate to "'shut up and listen' . . . implicates no federal constitutional right").

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 48) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 38) is **DENIED**; and it is further

**ORDERED** that Defendants' cross-motion for summary judgment (Dkt. No. 39) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against Defendant Wells are dismissed without prejudice for failure to serve; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

Dated: March 25, 2009
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge